739 P.2d 354

**Hubert DERTING, Ronald D. & Alice M. Rankin, George & Mary Jo Mitton, Plaintiffs-Appellants,**

v.

**Glen WALKER, Kootenai County Prosecutor, both individually and in his capacity of Kootenai County Prosecutor and Maxine McKinzie, Kootenai County Treasurer, Defendants-Respondents.**

No. 16596.

Supreme Court of Idaho.

June 3, 1987.

Harvey Richman, Coeur d'Alene, for plaintiffs-appellants.

Samuel Eismann, of Eismann & Kosonen, Coeur d'Alene, for defendant-respondent Walker.

Kenneth B. Howard, Jr., of Howard and Owens, Coeur d'Alene, for defendant-respondent McKinzie.

SHEPARD, Chief Justice.

This is an appeal from a summary judgment granted in favor of defendant Walker in an action seeking to require Walker to account for, and reimburse Kootenai County for, all monies earned by him in the contracts with various municipalities wherein Walker would prosecute misdemeanors on behalf of the municipalities. We affirm.

At the time Walker assumed the duties of prosecuting attorney of Kootenai County, Idaho, in 1978, the office was a part-time position, and continuing the practice of his predecessors Walker made agreements with various municipalities in Kootenai County to prosecute misdemeanors. In 1979 the position of Kootenai County Prosecuting Attorney was declared to be a full-time position:

31–3113. **Contracted duties of prosecuting attorneys with cities.**—The prosecuting attorneys in the following counties are required to devote full time to the discharge of their duties: Bannock, Bonneville, Canyon, Elmore, Kootenai, Latah, Twin Falls. With the unanimous approval of the board of county commissioners, and with the consent of the prosecuting attorney, the prosecuting attorney may contract with any city within

the county to prosecute nonconflicting misdemeanors in those counties where the prosecuting attorneys are required to devote full time to the discharge of their duties.

Pursuant to the statute, the Kootenai County Commissioners promulgated three resolutions (1979, 1981 and 1985), authorizing Walker to "contract with any city within the county to prosecute non-conflicting misdemeanors in a manner contemplated by I.C. § 31–3113," requiring Walker to pay various amounts to the county for the use of county facilities, and requiring a percentage of all monies collected pursuant to those contracts to be paid to deputy prosecutors, and beginning May 1985, pay one-fourth of all monies collected under such contracts to the county general fund.

Plaintiffs filed their complaint to require Walker to account for and reimburse Kootenai County for *all monies* paid to him pursuant to his contracts with the various municipalities, and also require Walker to account for and reimburse Kootenai County for the value of the facilities, equipment and employees of the county utilized in the performance of his contracts with the municipalities. Plaintiffs also sought to require the county treasurer to bring an action against Walker for alleged illegal retention of county funds. As above noted, upon motion therefore, and following a well-reasoned opinion by the district judge which was delivered from the bench, summary judgment was granted in favor of Walker.

The scope of our review is limited to determining only whether there exist unresolved genuine issues of material fact, and whether Walker is entitled to judgment as a matter of law. *Gro-Mor, Inc. v. Butts,* 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985); *Mitchell v. Siqueiros,* 99 Idaho 396, 582 P.2d 1074 (1978); *Stewart v. Hood Corp.,* 95 Idaho 198, 506 P.2d 95 (1973); I.R.C.P. 56(c). We hold that there are no remaining unresolved genuine issues of material fact, and hence the only question presented is whether Walker is entitled to judgment as a matter of law.

It is the principal argument of appellants that under the provisions of ID. CONST. art. 18 §§ 7, 8 and 9, that "county officers" are required to turn over any "fees" in excess of their salaries or expenses to the county treasurer, and are liable criminally for failure to do so.

We note initially that at the time of the adoption of said portions of art. 18 in the original Constitution of 1890, prosecutors were not denominated as "county officials" in § 6 of said art. 18. The reason for such non-inclusion is clear, since at the time of the adoption of the original Constitution the prosecutorial functions were performed by district attorneys whose duties and jurisdiction exceeded the boundaries of any one county. It was not until 1896 that the Constitution was amended to provide that there should be a prosecuting attorney for each county in the state. We deem it significant that the creation of such an office was accomplished by the amendment of art. 5 of the Constitution comprehending the judicial department, and no amendment was made to art. 18 § 6, denominating "county officers." We further note that the debates of the Constitutional Convention make clear that the use of the term "fees," as utilized in §§ 6, 7, 8 and 9 of art. 18 of the Constitution, were statutory fees collected by county officers for the performance of duties of their office.

■ Clearly, the monies collected by Walker and other prosecutors throughout the state as a result of contracts with municipalities, do not constitute fees in that context, nor are the monies received for the performance of the "duties" of the office of prosecuting attorney. Rather, they are personal funds received in his capacity as a private individual for the performance of contractual obligations not relating to the duties of the office of prosecuting attorney.

I.C. § 31–2604(2), in pertinent part, makes clear that the duties of the prosecuting attorney include:

To prosecute all criminal actions for violation of all laws or ordinances, *except city ordinances, and except traffic offenses and misdemeanor crimes committed within the municipal limits of a*

*city* when the arrest is made or a citation issued by a city law enforcement official, which shall be prosecuted by the city attorney.... (Emphasis added.)

█ Appellants also assert that I.C. § 31–3113 requires the prosecuting attorney of Kootenai County to devote full time to the discharge of his duties, and hence, *any monies* secured by him belong to the county. Such argument obviously ignores the explicit provisions of I.C. § 31–3113, permitting the prosecuting attorney to contract with any city to prosecute city misdemeanors. Further, such argument flies in the face of common sense. If, by voluntarily entering into a contract to prosecute city misdemeanors, the performance of that contract automatically then became a portion of the "duties" of the office of county prosecutor, and monies earned therefrom were required to be turned over to the county, no prosecutor in his right mind would enter into such a contract to take on additional duties for no compensation. The clear intent of the legislature is to the contrary.

█ Until relatively recent times the office of county prosecutor has been part-time in nature. It is common knowledge, and we take judicial notice of the fact, that county prosecutors maintain private law practices in addition to their duties in prosecuting criminal offenses. When the legislature provided for "full time" prosecutors in certain counties, it made clear that in such counties the prosecutors were permitted to enter into contracts with municipalities for the prosecution of city misdemeanors. The wisdom of such a policy decision by the legislature is not open to question by the courts in the absence of constitutional prohibition. As above noted, we find no such constitutional prohibition. Municipalities are free to enter into contract with private attorneys for the prosecution of city misdemeanors. By virtue of the legislation, they may adopt the alternative of contracting with the county prosecuting attorney for the prosecution of city misdemeanors. No question is raised concerning the ability of a part-time prosecutor to contract with municipalities for the prosecu-

tion of city misdemeanors and retain to himself the proceeds of such contract. Likewise, the legislature expressly permitted such practice to be utilized by municipalities with full-time prosecutors.

We deem the cases relied upon by appellants to be inapposite. In each of those cases the question involved the performance of official services for a county by a county official. In the case at bar the services are not rendered to the county, nor are they a part of the county prosecutor's official duties.

There is no serious contention here that Walker did not comply with the provisions of I.C. § 31–3113. The record makes clear that Walker's actions secured the unanimous approval of the board of county commissioners. The record makes clear, as above noted, that Walker reimbursed the county various sums for the utilization of county resources, that Walker reimbursed his deputies, and that for a time following 1985, Walker has turned over to the county a percentage of the contract monies received. The imposition of those conditions, and amounts received by the county therefor, lie within the discretion of the county commissioners.

In sum, our Constitution, while making clear that a county prosecutor is to receive only "compensation for services as may be fixed by law," such services do not include the prosecution of city misdemeanors. I.C. § 31–2604. Any compensation received for prosecution of city misdemeanors is outside the scope of either ID. CONST. art. 5 § 18 or art. 18 § 7.

The decision and order of the district court is affirmed; costs to respondents.

DONALDSON and BAKES, JJ., concur.

BISTLINE, Justice, dissenting.

It is a sad commentary on the state of the judiciary when a majority opinion on its face appears to be on the ludicrous side. If it is indeed so, that is most unfortunate. If it is not ludicrous, then, on the other hand, those who say that it is are open to like criticism for such a poor assessment.

To begin with, Alan G. Shepard, C.R. Donaldson, Robert E. Bakes, Robert C. Huntley, and Stephen Bistline are *not* the Idaho Supreme Court. Individually each is nothing but a person. Because each has been elected to the *office* of justice of the Supreme Court of Idaho, collectively, as five justices, they constitute the Supreme Court of Idaho. What the Court does is done in its official capacity. If it is not done in performance of the office of the Supreme Court, it is legally a zero. It is no less with those individuals who are elected to the office of district judges. As individuals they have no official capacity. But, in holding the office of district judge, each exercises certain functions of the office of judge, and also of the district court itself.

It is bewildering that three members of this Court, constituting a majority and thus speaking for the Court, rationalize that a person who is elected (or appointed in case of vacancy) to the office of prosecutor, can all at the same time while prosecuting criminals and advising county officials with authority to, as prosecutor, make contracts with cities, then, as an individual, reap and retain for himself personally monies earned under that contract. By virtue of the office, he is receiving the salary which is set by the legislature. It is all the compensation which he, as an individual, can be paid for that office. He cannot enjoy the benefits of a private legal practice. He owes to the county complete fealty—which means any legal work he does will be attributable to his duties and functions as a prosecutor.

The brief submitted to us on behalf of the Kootenai County Prosecutor urges upon us the monstrous proposition "that any monies he was paid for his representation were lawfully earned by *him, were his private funds*, were not public assets, and did not constitute 'fees' as contemplated by I.C. § 31–3101." Respondent's Brief, p. 2. By the word "him," as viewed in context with the contention that monies earned were his private funds, it is made abundantly clear that the quoted language is arguing that the contract with the cities is a personal, *i.e.*, individual agreement, *i.e.*, *Glen Walker's agreement* with the cities. The brief points to the county resolutions

as sources of authority. We should in due time examine those resolutions, but only after first reading, I.C. § 31–3113. It does not mention a Glen Walker. In three places it does mention a prosecuting attorney. Prosecuting attorney, of course, as discussed *supra*, is an office, not a person. The statute is clear that in Kootenai County that office is *"required to devote full time to the discharge of the duties" of the office*. How do I know it is so clear? Because, as the late and great Sam Ervin said, "I have a reasonable acquaintance with the mother tongue."

Now we turn to County Resolution No. 85–19, dated April 23, 1985. The first sentence is all that needs to be read to discard that resolution from any further consideration. It reads:

> Whereas the Kootenai County Board of Commissioners has considered the question of the County Prosecutor's *private contracting* for the handling of city misdemeanors; . . . .

From where and whom these county commissioners got the absurd notion that a fulltime prosecutor can make *private contracts* for rendering legal services, while I can guess, and probably accurately, I really do not care to know or do not need to know. The resolution on its face flies directly into the teeth of the statute, and has no validity whatever.

To the credit of the district judge in his grant of summary judgment, he reviewed the issue before him much as I do, *i.e.*, giving recognition to the necessity of observing the distinction between the office and the person. He reasoned, however, that:

> By creating the "full time" exception to 31–3113, the Legislature allowed the *person* who held the office of prosecuting attorney to enter a contract with a city for *private* employment as a city attorney. The resulting contract was not between the prosecuting attorney (as a public officer) and the city. *Instead, the occupant of the office of prosecuting attorney entered such contract as a private attorney.*

R., p. 201 (emphasis added).

While unable to see how the district judge can read into the statute language which simply is not there, his ruling for the prosecutor, wholly ignored in the majority opinion, is less offensive than the majority's *ratio decidendi,* which, as I read it, is found in the language that "no prosecutor in his right mind would enter into such a contract to take on additional duties for no compensation." This is indeed strange language flowing from the mouths of those in the majority who two or three years ago did not question their own soundness of mind in committing this Court to assuming the additional duties of writing decisions for the United States District Courts, and the Court of Appeals, Ninth Circuit—all for no additional compensation.[1] Of that I made complaint at the time—not lamenting so much the additional free work done for the benefit of courts better paid than this, but because we had and continue to have in the Idaho court system cases of sufficient number to occupy our time and efforts.

The fallacy of the majority's reasoning is in failing to recognize that public service is public service, and if the prosecutor's budget is sufficient to handle the prosecutions of the small cities' misdemeanors, well and good, and presumably what the cities pay for the service rendered will go into a proper county fund which will be used to help replenish the prosecutor's budget. There is not here any problem. If, however, the individual holding the office of the county prosecutor wants more than the office pays, his recourse is to give up the position, just as any of us holding this office, who protest at the pay received, are equally free to do. One would hate to think that any of us would *ultra vires* take unauthorized additional compensation. A large problem in this case is the futility of trying to understand what the majority has in mind in going to such extremes in defense of a clear statutory violation and a misappropriation of public monies.

Ending on a happy note, the majority opinion potentially is a boon to the attorney general. For any services which it hereafter renders to the Idaho Board of Professional Engineers and Professional Land Surveyors, as provided in I.C. § 54–1222, either as legal advisor of the board, or in enforcement of any of the provisions of Chapter 12, Title 54 of the Idaho Code, including the prosecutions for violations, the reimbursement therefore of fees and expenses surely should go into the private coffers of the person who happens to hold that office. Certainly it would be illogical, if not insane, for the attorney general to take on that additional burden if he is nevertheless confined to his legislatively set salary. My own esteem of the attorney general is that he would not give any consideration to so doing, even if the legislature authorized him to do so by resorting to the subterfuge of "monies earned by contract" rather than "fees."

HUNTLEY, Justice, dissenting.

Admittedly the statutory scheme as to compensation of "full time" prosecuting attorneys is confusing, lacking in clarity, and is an area which needs the attention of the legislature. Nevertheless, having said that, I think the majority clearly misreads the legislative intent and the plain meaning of the statutory language.

Two things are very clear from a reading of the statutory scheme: (1) Idaho Code § 31–3113 provides that the prosecuting attorney of Kootenai County is required to devote full time to the discharge of his duties; and (2) he is to be paid by the county a full time prosecutor's pay for full time work.

It is true that the statute further provides that the prosecuting attorney may contract with cities to prosecute certain cases, but his license to do so is as an official "prosecuting attorney" and not as "Mr. Attorney Glen Walker" or "Mr. Attorney John Doe." He does not contract as a private individual attorney.

1. Writing opinions for the federal courts was not in the job description when I signed on. Helping out with our Court of Appeals' backlog was a pleasure. I flatly voted against the proposition that we do pro bono work for those courts in the federal system, but to no avail, and since may have the singular distinction of having written more pro bono opinions for the federal courts than my aspiring colleagues.

By definition, to the extent that such a prosecuting attorney is doing work in the prosecution of city misdemeanors, he is not devoting full time to the county, and therefore it necessarily follows that the money made by his work for the cities should be paid over to the county.

To the best of my knowledge, no other state or county employee is entitled to utilize his position to engage in "making money on the side." By so characterizing it here, I suggest no impropriety whatsoever, but suggest that the practice can lead to abuse and poor public administrative procedures. Certainly, as demonstrated by the understandable concern of the plaintiffs herein, the practice leads to a public perception of impropriety where none likely exists.

The county, having contracted with an individual for full time employment, should pay a full time salary. To the extent the prosecutor is released from full time work to assist cities, the money received therefrom should be paid over to the county coffers, with the sole compensation of the full time employee coming from his full time employer.