# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38016

| | | |
|---|---|---|
| BOB HENRY, an individual, | ) | |
| | ) | Boise, December 2011 Term |
| Plaintiff-Appellant, | ) | |
| | ) | 2012 Opinion No. 4 |
| v. | ) | |
| | ) | Filed: January 5, 2012 |
| BRYAN F. TAYLOR, a public official, | ) | |
| CANYON COUNTY PROSECUTING | ) | Stephen W. Kenyon, Clerk |
| ATTORNEY'S OFFICE, a public agency, | ) | |
| and CANYON COUNTY, a public agency, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, in and for Canyon County. The Hon. Kathryn A. Sticklen, District Judge.

The judgment of the district court is affirmed.

Erik F. Stidman, Holland & Hart LLP, Boise, argued for appellant.

Carlton R. Ericson, Canyon County Deputy Prosecuting Attorney, Caldwell, argued for respondents.

---

EISMANN, Justice.

This is an appeal from a judgment holding that records relating to a contract executed by a county, a former county prosecuting attorney, and a city under which the prosecuting attorney would perform prosecutorial services for the city using county employees are not public records subject to disclosure under the Public Records Act. We hold that such records are public records, but in this case the Respondents cannot be required to produce the records because they were not the public official who refused to disclose the records.

## I.

## Factual Background

In March 2009, the City of Nampa located in Canyon County issued a request for proposals regarding obtaining services to prosecute city misdemeanors and infractions. Former Canyon County prosecuting attorney John Bujak desired to contract with Nampa to perform those services, and on April 16, 2009, the Canyon County commissioners unanimously adopted a proposal pursuant to Idaho Code section 31-3113[1] permitting him to do so.

Mr. Bujak made a proposal to Nampa, which it accepted. The parties entered into a contract dated July 9, 2009, under which he agreed to provide prosecutorial services to the city for the sum of $598,357.88 per year, payable at the rate of $49,863.15 per month, to the county auditor. The named parties in the contract were "Canyon County," the "Canyon County Prosecuting Attorney," and the "City of Nampa," and all three parties executed the contract. The contract provided that its initial term was July 6, 2009 through September 30, 2009.

On September 8, 2009, Mr. Bujak, as Canyon County prosecuting attorney, and Nampa entered into a written amendment of the July 9, 2009, contract to provide that the city would make the payments directly to him rather than to the county. By letter to the county commissioners dated September 11, 2009, the certified public accountant who performed auditing services for the county objected to the payments going directly from the city to the prosecuting attorney, stating that it was "a serious departure from standard practices." By letter to the commissioners dated September 15, 2009, the county clerk/auditor and county treasurer agreed that the sums paid by Nampa should be paid to the county auditor, not to the prosecuting attorney for deposit into a private account. By resolution adopted on October 6, 2009, the county commissioners agreed that Nampa could pay Mr. Bujak directly for prosecution services and that the county would bill him for county resources devoted to the prosecution of Nampa misdemeanors and infractions. By written contract dated November 4, 2009, Mr. Bujak, as county prosecutor, and Nampa extended the term of the July 6, 2009, contract through September 30, 2010.

On March 5, 2010, Bob Henry filed a public records request with the county clerk asking for information regarding the contract with Nampa, including "invoices, etc sent to Nampa by county for prosecuting svc." and "an accounting of where those funds are being deposited + how

---

[1] Idaho Code section 31-3113 provides:

> Prosecuting attorneys, with the unanimous approval of the board of county commissioners, and with the consent of the prosecuting attorney, may contract with any city within the county to prosecute nonconflicting misdemeanors and infractions.

they are being dispursed [sic] to Canyon County." On March 15, 2010, Samuel B. Laugheed, a deputy prosecuting attorney, submitted a response that provided copies of the contracts and resolutions regarding the prosecuting attorney's contract with Nampa. The response stated that with respect to the other information requested, "No other records meeting the parameters of your request exist." The response explained that

> periodic payments are tendered from the City to Mr. Bujak in consideration of his provision of prosecutorial service. Those payments are deposited in a non-County account, which is then drawn upon to pay for office supplies and other "overhead" items at the CCPA Nampa annex. After those payments, along with the Prosecutor's Office salary adjustments that are funded by the contract, are subtracted, Mr. Bujak essentially donates the remaining balance to the County for deposit in its general fund.

The response also stated that the county had not submitted any invoices for county resources consumed by Mr. Bujak functioning as the Nampa prosecutor and that "neither Mr. Bujak nor his Chief of Staff accepted any salary increase."

On March 18, 2010, Mr. Henry filed a second public records request directed to the prosecuting attorney stating that he had not received the accounting information requested in the first request. Thus, he asked for "ledgers, copies of bank statements, copies of source documents that show the flow of payments made from the City of Nampa to any intermediary accounts and, finally, to the county treasurer" for the period from July 2009 through February 2010. On March 23, 2010, Mr. Laugheed submitted a response to Mr. Henry stating that neither the prosecutor's office nor the county commissioners had created or retained "any documentation such as ledgers, bank statements, or source documents that show the flow of payments from the City of Nampa to any intermediary accounts and finally to the county treasurer."

On April 1, 2010, Mr. Henry delivered a third public records request to the Canyon County commissioners in which he recounted his prior attempts to obtain the information and specifically requested the following:

> 1. Copies of all ledgers, bank statements, checks, and all other records evidencing the transfer of all funds into and out of the "non-county account" into which Mr. Bujak deposits the prosecuting funds he receives from Nampa from July 2009 through this letter's date. I make this request regardless of whether such records are in the custody or control of Canyon County, Mr. Bujak, or any third party financial institution.
> 2. Copies of all ledgers, bank statements, checks, and all other records evidencing the transfer of all funds into and out of any account or depository of

3

any kind into which the funds paid by Nampa are, or have ever been, deposited from July 2009 through this letter's date. I make this request regardless of whether such records are in the custody or control of Canyon County, Mr. Bujak, or any third party financial institution.

3. All documentation that sets forth deposits of funds paid by Nampa for prosecution services into the County's General Fund from July 2009 through this letter's date. Specifically, I would like to see documents evidencing the dates these payments were received by the County, the source of revenue, the amounts deposited, and the identity of the individual who deposited the funds.

4. Auditor's Certificates for the months of July, August, September, and October of 2009 that reflect payments received into any Canyon County account in connection with Nampa prosecuting services. Specifically, I would like to see documents evidencing the dates these payments were received by the County, the source of revenue, the amounts deposited, and the identity of the individual who deposited the funds.

5. All documents necessary or relevant to determine the actual figures, from July 2009 through this letter's date, that are necessary to calculate the "mathematical equation" described in Mr. Laugheed letter of March 15, 2010 as follows: "(Nampa payments) - (CCPA salary bumps + Nampa annex overhead expenses) = (Amount to general fund)."

In this request, Mr. Henry wrote that it was made to (a) "Canyon County Government generally, including all County departments, employees, officers, and elected or appointed officials that have custody or control of any records requested" and (b) "any other public or private third party individual or entity (including financial institutions) that has custody or control of any of the records requested." He also sent copies of the request to the county clerk, the county treasurer, the prosecuting attorney's office, Mr. Bujak, and the Association of Idaho Counties.

On April 1, 2010, the county clerk responded by providing Mr. Henry with copies of bills submitted by the county to Mr. Bujak (with personal information removed) and copies of auditor's certificates showing deposits of money for such billings from August through February 2010. On April 5, 2010, the county treasurer responded by providing copies of auditor's certificates for each deposit made by the prosecuting attorney's office. She stated that she did not have possession of any other records requested. The prosecuting attorney's office did not submit a written response, although Mr. Henry and Mr. Bujak did have a telephone call and exchanged some emails in which Mr. Bujak questioned Mr. Henry's motives for seeking the information.

4

On May 21, 2010, Mr. Henry filed this action against Mr. Bujak, the Canyon County prosecuting attorney's office, and Canyon County seeking to compel production of the records requested. On June 11, 2010, Canyon County filed a motion to dismiss the action as to it on the ground that the records sought "related to Defendant Bujak's bank account and documents needed to calculate a mathematical formula," that the county was not the custodian of the records, and that "[t]hose records are in the sole custody and control of Defendant Bujak." The district court held that based upon this Court's opinion in *Derting v. Walker*, 112 Idaho 1055, 739 P.2d 354 (1987), the records requested were not public records and dismissed the petition. Mr. Henry then appealed.

On September 20, 2010, the Canyon County commissioners accepted the resignation of Mr. Bujak as county prosecuting attorney,[2] and on October 19, 2010, they appointed Bryan F. Taylor to serve out the remainder of Mr. Bujak's term of office. On October 25, 2010, Mr. Taylor moved to have himself substituted in place of Mr. Bujak in this action. No objection was filed, and on November 22, 2010, this Court entered an order substituting Mr. Taylor for Mr. Bujak as a party to this appeal.[3]

## II.

### Are the Records Requested Public Records under the Public Records Act?

The district court held that Mr. Bujak's records regarding his private bank account would not be a public record under our opinion in *Derting*. In that case, a county prosecuting attorney,

---

[2] Mr. Bujak's resignation would not have insulated him from being required to produce public records in his possession or control. As we held in *Ward v. Portneuf Med. Ctr., Inc.*, 150 Idaho 501, 505, 248 P.3d 1236, 1240 (2011):

> The determination of whether a document qualifies as a public record is based on the content of the document and surrounding circumstances as they existed at the time the request was made. It would be irrelevant to make such a determination based on the circumstances that exist months or years after a request, because agencies could alter the nature of the document or change its location in order to remove the documents from the ambit of the Act.

[3] Idaho Appellate Rule 7 provides:

> Upon the death or disability of a party to a proceeding governed by these rules, or upon the assignment, transfer, or the accession to the interest or office of party to a proceeding governed by these rules by another person, the representative, or successor in interest of such party shall file a notification of substitution of party and serve the same on all parties to the proceeding or appeal. The substitution shall be effective unless an objection thereto is made within fourteen (14) days of service, by a motion to disallow such substitution, in the manner provided for motions under Rule 32.

with the unanimous approval of the county commissioners, entered into a contract with various cities to prosecute non-conflicting misdemeanors committed in those cities. By resolution, the county commissioners later required the prosecuting attorney to pay various amounts to the county for the use of county facilities used in performing his contracts with the cities, to pay to deputy prosecutors a percentage of all monies collected under the city contracts, and to pay one-fourth of such monies to the county general fund, beginning on a specified date.

The plaintiffs in *Derting* filed a complaint against the prosecuting attorney seeking to require him to account for and pay to the county all monies that he had received under his contracts with various municipalities. The trial court granted the prosecutor's motion for summary judgment and dismissed the action, and the plaintiffs appealed. We affirmed on the ground that performing prosecutorial services for cities pursuant to contracts with them was not part of the duties of the prosecutor. Therefore, he received monies under such contracts in his capacity as a private individual and not as a public official. We stated:

> Clearly, the monies collected by Walker and other prosecutors throughout the state as a result of contracts with municipalities, do not constitute fees in that context, nor are the monies received for the performance of the "duties" of the office of prosecuting attorney. Rather, they are personal funds received in his capacity as a private individual for the performance of contractual obligations not relating to the duties of the office of prosecuting attorney.

*Derting v. Walker,* 112 Idaho 1055, 1057, 739 P.2d 354, 356 (1987).

We also said that the legislature did not intend that a county prosecutor's contract to prosecute city misdemeanors would make the performance of such contract part of the prosecutor's duties. We stated:

> If, by voluntarily entering into a contract to prosecute city misdemeanors, the performance of that contract automatically then became a portion of the "duties" of the office of county prosecutor, and monies earned therefrom were required to be turned over to the county, no prosecutor in his right mind would enter into such a contract to take on additional duties for no compensation. The clear intent of the legislature is to the contrary.

*Id.* at 1058, 739 P.2d at 357.

Two years later, the legislature made performing such contracts with cities part of the official duties of a prosecuting attorney. It amended Idaho Code section 31-2604(2), to provide that it was a duty of a prosecuting attorney, "when a written contract to do so exists between the prosecuting attorney and a city, to prosecute violations for state misdemeanors and infractions

6

and violations of county or city ordinances committed within the municipal limits of that city when the arresting or charging officer is a city employee." Ch. 292, § 1, 1989 Idaho Sess. Laws 719, 719-720. Thus, after that amendment, once a county prosecutor enters into such a contract with a city, performing that contract becomes a duty of the prosecutor during the contract's existence. It is no longer a private contract between the prosecuting attorney, as an individual, and the city. Rather, the performance of the contract is a statutory duty of the prosecuting attorney and it is, therefore, a public contract relating to the duties of the office of prosecuting attorney.

Idaho Code section 9-337(13) states that a " '[p]ublic record' includes, but is not limited to, any writing containing information relating to the conduct or administration of the public's business prepared, owned, used or retained by any state agency, independent public body corporate and politic or local agency regardless of physical form or characteristics." The statute states two criteria for determining what constitutes a public record, although the wording "includes, but is not limited to," means that other records not meeting that definition may also be public records. *Cowles Publ'g Co. v. Kootenai County Bd. of Comm'rs*, 144 Idaho 259, 263, 159 P.3d 896, 900 (2007).

The first criterion is that the record "contain[s] information relating to the conduct or administration of the public's business." I.C. § 9-337(13). Because of the statutory change, the opinion in *Derting* no longer applies. Once Mr. Bujak entered into the contract with Nampa, the performance of the contract became one of his statutory duties as Canyon County prosecuting attorney. Therefore, the contract was a public contract, and his performance of that contract was the public's business. The payments under the contract were for work to be performed by the "FIRM," which the contract with Nampa defined as the "CANYON COUNTY PROSECUTING ATTORNEY." Although the contract provided that the payments due under the contract were to be paid to the county auditor, the county commissioners later agreed to permit the payments to be sent directly to Mr. Bujak.[4] That did not convert the payments into his personal funds received in his capacity as a private individual for the performance of contractual obligations unrelated to the duties of the office of prosecuting attorney.

---

[4] The record does not reflect whether Mr. Bujak advised the county commissioners in writing that they should seek independent legal advice before agreeing to permit the payments to be made directly to him. *See* Rule 1.8(a) of the Idaho Rules of Professional Conduct.

Entering into the Nampa contract required the unanimous consent of the county commissioners. I.C. § 31-3113. Because Mr. Bujak would be using county resources to perform the contract, the commissioners could condition their approval as they desired. They certainly could require that county resources not be used for the personal financial gain of the prosecuting attorney. Under the initial contract, the payments were to be made to the county auditor. Obviously, the commissioners considered those payments public funds. Mr. Bujak later convinced Nampa that the payments should be made directly to him, and he and Nampa executed an amendment to the contract to so provide. That amendment was not binding upon the other party to the contract, Canyon County. He then convinced the county commissioners to permit the payments to be made directly to him. The record indicates that in doing so, the commissioners were not agreeing to change the payments into Mr. Bujak's personal funds.

As Resolution No. 09-211 recites:

> WHEREAS, *Mr. Bujak agreed with each and every of his County staff, save himself and his Chief of Staff, in writing, to provide them a salary "bump"* wholly dependent upon the City of Nampa's payment under the prosecution contract, commensurate with a number of factors including the scope of the increased demands upon their professional lives, their years of service, cumulative salary, and other factors; and
>
> WHEREAS, Mr. Bujak agreed with this Board to reimburse, by generous annual estimate, the County for its expenditure of those minimal resources devoted to his commingled provision of prosecution services to both City and County so that *a zero sum equation would necessarily result*: *(payment under contract) - (salary adjustments + reimbursement to County) = 0.00*; and
>
> . . . .
>
> WHEREAS, Mr. Bujak, who *could himself realize no financial advantage from his provision of prosecutorial service to the City*, advised this Board that the above-described extra-legal issues threatened the continued existence of this mutually beneficial, legal, cooperative joint City-County arrangement, and
>
> WHEREAS, Mr. Bujak and the City of Nampa executed an Amendment to the Prosecution Services Term Agreement on September 8, 2009 to provide that the City's payment under the contract would be paid directly to the City Prosecuting Attorney, and
>
> WHEREAS, Mr. Bujak and this Board agreed that the County would invoice Mr. Bujak for the salary adjustments and benefits for his staff, as well as to cover the expenditure of any county resources used in furtherance of the City's prosecution needs.
>
> (Emphases added.)

The recitals stated that Mr. Bujak would give all of his staff a salary increase, "save himself and his Chief of Staff"; that Mr. Bujak agreed to disburse the payments under the Nampa contract to pay the salary increases for his staff and to remit any balance remaining to the county, "so that a zero sum equation would necessarily result"; and that Mr. Bujak, "himself could realize no financial advantage from his provision of prosecutorial service to the City."

The second criterion is that the record was "prepared, owned, used or retained by any state agency, independent public body corporate and politic or local agency regardless of physical form or characteristics." I.C. § 9-337(13). " 'Local agency' means a county, . . . or any agency thereof . . . ." I.C. § 9-337(8). Thus, a local agency would include the county and an agency of the county. The word "agency" is not defined, but " '[l]aw enforcement agency' means any state or local agency . . . which has authority to investigate . . . [or] prosecute . . . violations of state . . . criminal statutes, ordinances or regulations." I.C. § 9-337(7). Because the county prosecuting attorney has the authority to investigate or prosecute violations of state criminal statutes, ordinances, or regulations, the prosecutor would be an agency of the county.

Both the county and the office of the county prosecutor would be a "local agency" under the Public Records Act. The records at issue were prepared, owned, used, or retained by Mr. Bujak as Canyon County prosecuting attorney. In response to Mr. Henry's first public records request, Mr. Laugheed, as a deputy prosecuting attorney, wrote that the payments from Nampa under the contract "are deposited in a non-County account." Mr. Laugheed explained that monies from that account are used to pay overhead and salary adjustments for employees of the prosecutor's office, with the balance being paid into the county for deposit into its general fund. That Mr. Bujak used a "non-County account" into which to deposit monies received as the prosecuting attorney under the contract and from which to pay various office expenses and salary enhancements does not prevent the records of that account from being public records. He could not shield the records from examination by the public by using a private bank account rather than a county bank account. There is no contention that any of the records requested were exempt from disclosure under the Public Records Act. Therefore, the records requested by Mr. Henry were public records that were required to be provided for examination and/or copying.

### III.

### Can Canyon County, the Current Prosecuting Attorney, or His Office

**Be Required to Produce the Requested Records?**

During oral argument before the district court, counsel for Mr. Henry stated that the records at issue were those described as items 1, 2, and 5, in Mr. Henry's last request. Such documents would be:

> 1. Copies of all ledgers, bank statements, checks, and all other records evidencing the transfer of all funds into and out of the "non-county account" into which Mr. Bujak deposits the prosecuting funds he receives from Nampa from July 2009 through this letter's date. . . . .
> 2. Copies of all ledgers, bank statements, checks, and all other records evidencing the transfer of all funds into and out of any account or depository of any kind into which the funds paid by Nampa are, or have ever been, deposited from July 2009 through this letter's date. . . . .
> . . . .
> 5. All documents necessary or relevant to determine the actual figures, from July 2009 through this letter's date, that are necessary to calculate the "mathematical equation" described in Mr. Laugheed letter of March 15, 2010 as follows: "(Nampa payments) - (CCPA salary bumps + Nampa annex overhead expenses) = (Amount to general fund)."

During oral argument on appeal, counsel for Respondents stated that on May 4, 2011, the county received through Mr. Bujak's bankruptcy proceedings the financial records requested, and that it provided them to Mr. Henry the following day. Mr. Henry's counsel stated that there was additional discovery his client would like to conduct regarding the records and the existence of any emails regarding this transaction between the county and Mr. Bujak. Idaho Code section 9-343(1) provides that the sole remedy for a person aggrieved by the denial of a request to examine or copy public records is to institute an action in the district court "to compel the public agency or independent public body corporate and politic to make the information available for public inspection in accordance with the provisions of sections 9-337 through 9-348, Idaho Code." Mr. Henry is not entitled to an order compelling inspection of public records not requested, nor is he entitled in this proceeding to conduct further discovery regarding information that may be contained in the records that were produced. Therefore, at this point he has received the relief to which he is entitled with respect to examining the public records requested.

## IV.

### Is Mr. Henry Entitled to an Award of Costs and Attorney Fees?

Respondents asserted during oral argument that this case was now moot because they had produced the documents at issue. However, it is not moot because Mr. Henry requests an award of attorney fees pursuant to Idaho Code sections 9-344(2), 12-117, and/or 12-121. Since the requested documents were provided after this lawsuit was instituted to compel their production, the issue of attorney fees remains an issue to be resolved.

Idaho Code section 9-344(2) provides a standard for the awarding of "reasonable costs and attorney fees" to the prevailing party in actions to compel disclosure of public records for examination and/or copying under the Public Records Act. It states, "In any such action, the court shall award reasonable costs and attorney fees to the prevailing party or parties, if it finds that the request or refusal to provide records was frivolously pursued." In *Roe v. Harris*, 128 Idaho 569, 917 P.2d 403 (1996), we held that after the enactment of Idaho Code section 12-117 setting forth the standard for awarding attorney fees against a state agency, the private attorney general doctrine was no longer a basis for such an award. *Id.* at 573, 917 P.2d at 407. Likewise, in *Lake CDA Investments, LLC v. Idaho Dept. of Lands*, 149 Idaho 274, 285, 233 P.3d 721, 732 (2010), we held that Idaho Code section 12-117(1) is the exclusive basis for awarding court costs and attorney fees in an action between a person and a state agency, where that statute entitled the prevailing party in such action to "reasonable attorney's fees, witness fees and other reasonable expenses" when the court finds that "the nonprevailing party acted without a reasonable basis in fact or law."

Idaho Code section 9-344(2) sets forth the standard for awarding reasonable costs and attorney fees in actions pursuant to the Public Records Act. To base an award on some other statute would be contrary to the legislature's intent in including in the Act an attorney fee provision with a specified standard for awarding attorney fees in proceedings to enforce compliance with the Act. That statute is the exclusive basis for such an award. Therefore, Idaho Code sections 12-117 and 12-121 do not apply.

Idaho Code section 9-343 authorizes a person aggrieved by the denial of a request to examine or copy public records to institute an action "to compel the public agency or independent public body corporate and politic to make the information available for public inspection in accordance with the provisions of sections 9-337 through 9-348, Idaho Code." "In any such action, the court shall award reasonable costs and attorney fees to the prevailing party

11

or parties, if it finds that the request or refusal to provide records was frivolously pursued." I.C. § 9-344(2).

Because a public record is one "prepared, owned, used or retained by any state agency, independent public body corporate and politic or local agency," I.C. § 9-337(13), a particular agency cannot be required to produce records that it had not prepared, owned, used, or retained.[5] Respondents did not refuse to produce any public record that they had prepared, owned, used, or retained.

Mr. Henry contends that because the county commissioners of Canyon County had the authority under Idaho Code sections 31-802 and 31-809 to require the prosecuting attorney to make reports, to present his books and accounts for inspection, and to audit them, the county should have exercised that authority to obtain the requested public records from Mr. Bujak. Although the county commissioners could have exercised their authority under those statutes, they did not do so. These statutes are not part of the Public Records Act. That act does not require an agency to obtain records that it had never prepared, owned, used, or retained.

In his third public records request, Mr. Henry stated, with respect to the records identified in categories 1 and 2, "I make this request regardless of whether such records are in the custody or control of Canyon County, Mr. Bujak, or any third party financial institution." A party making a public records request cannot unilaterally modify the Public Records Act. The inclusion of that wording did not require Respondents to produce records that they had never prepared, owned, used, or retained.

Likewise, Mr. Taylor, as prosecuting attorney after Mr. Bujak resigned, had not prepared, owned, used, or retained any of the requested records. The office of the prosecuting attorney, as distinct from Mr. Bujak, had also never prepared, owned, used, or retained the records. Only Mr. Bujak had access to the records, and there is no indication that they could have been located somewhere in the office of the prosecuting attorney after he resigned.

Idaho Code section 9-344(2) states, "If the court finds that the public official's decision to refuse disclosure is not justified, it shall order the public official to make the requested disclosure." Mr. Bujak was the public official who refused to produce the records for

---

[5] "The word 'or' is a disjunctive particle used to express an alternative." *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010). Therefore, a record that was either prepared, or owned, or used, or retained by a state agency would be a public record. It need not be prepared, owned, used, *and* retained.

examination and/or copying and whose decision to refuse to disclose the records was not justified.

Respondents' failure to produce the public records at issue was not frivolous. Therefore, Mr. Henry is not entitled to an award of attorney fees against any of the Respondents. Because Mr. Bujak is not a party to this appeal, we need not address whether his refusal to provide the records was frivolous.

## V.

### Conclusion

We affirm the judgment of the district court, although on alternative grounds. We do not award costs on appeal.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**