## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 41561

| | | |
|---|---|---|
| WILLIAM LIGHTNER, | ) | 2014 Unpublished Opinion No. 696 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: August 26, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OLIVIA CRAVEN, Executive Director of | ) | THIS IS AN UNPUBLISHED |
| Idaho Commission of Pardons and Parole, | ) | OPINION AND SHALL NOT |
| MIKE H. MATHEWS, JANIE DRESSEN, | ) | BE CITED AS AUTHORITY |
| ROBIN SANDY, BUD BRINEGER, DEL | ) | |
| RAY HOLM, Commissioners of Idaho | ) | |
| Commissions of Pardons and Parole and | ) | |
| their successors in office, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel G. Hurlbutt, District Judge.

Order of the district court dismissing prisoner civil rights action, affirmed.

William Lightner, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Karin Magnelli, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

William Lightner, an inmate at the Idaho Correctional Center, appeals pro se from the judgment of the district court dismissing his prisoner civil rights action with prejudice. For the reasons that follow, we affirm.

1

# I.

# FACTS AND PROCEDURE

Lightner was paroled on two separate occasions, and during the time he was on parole, Lightner paid $600 in supervision fees for rehabilitation services. Subsequently, his parole was revoked, and Lightner learned that he would not receive credit for the time he was on parole. Lightner then filed a "prisoner civil rights complaint." In the complaint, Lightner averred that the respondents did not return the $600 they collected, "even though they have failed to provide the benefit of parole time counting toward the completion of plaintiff's sentence." After filing the complaint, Lightner filed a motion to disqualify the district judge assigned to his case without cause, which the district judge denied. The respondents filed a motion to dismiss, arguing that Lightner's action was untimely and contending that Lightner failed to state a claim upon which relief could be granted. The district court, before reviewing the respondents' motion to dismiss, dismissed Lightner's action on its own accord, determining that the action was frivolous and failed to state a claim upon which relief could be granted. Lightner appeals.

# II.

# ANALYSIS

Lightner raises four issues on appeal. First, Lightner contends that he filed his action within the statute of limitation. Although the respondents argued in their motion to dismiss that Lightner filed his action beyond the statute of limitation, the district court did not rely on or address this argument in its order of dismissal. Given our disposition of the case, we need not address the statute of limitation argument.

Second, Lightner challenges the district court's denial of his motion to disqualify the judge without cause. The district court denied the motion on the basis that Idaho Rule of Civil Procedure 40(d)(1)(H) required Lightner to "mail a copy of the motion for disqualification to the presiding judge or magistrate at the judge's resident chambers." There is no evidence in the record that Lightner mailed a copy of the motion for disqualification to the presiding judge's chambers. Rather, Lightner's certificate of service states that he mailed a copy of the motion to the attorney general representing the respondents, and Lightner acknowledges that he only filed the motion with the clerk of the court. Therefore, the district court did not err by denying Lightner's motion for disqualification.

Third, Lightner argues that the district court abused its discretion by granting the defendant's motion to dismiss without allowing Lightner the opportunity to respond. The district court may dismiss the action on its own accord or upon a party's motion, before or after service, if it finds that the action is frivolous or fails to state a claim upon which relief can be granted. Idaho Code §§ 31-3220A(14)(b) and 31-3220A(14)(d). Consequently, the district court had the discretion to dismiss Lightner's action without considering the respondents' motion to dismiss or any response thereto.

Finally, Lightner claims he raised an issue of material fact as to whether the fees collected from him while he was on parole need to be refunded. The district court dismissed Lightner's action on the grounds that the action was frivolous and failed to state a claim upon which relief could be granted. The district court articulated why Lightner's action was frivolous:

> The plaintiff's assertion that parole supervision services were not provided because he did not receive credit for his parole time against his sentence is nonsensical. His assertion that these services were not provided because he did not receive the intended rehabilitative effect is also unavailing since this failure is the result of his own choice to violate his terms of parole.

Upon our review of the record, we are persuaded that Lightner filed a frivolous action. What Lightner fails to realize is that the payment of the fee is for the rehabilitative *service* provided, not the ultimate rehabilitative *effect* the service has on the parolee.

The respondents seek attorney fees on appeal and argue that Lightner pursued this appeal frivolously, citing Idaho Code § 12-121 and Idaho Appellate Rule 41. Although we acknowledge that Lightner's appeal is frivolous, we may not award attorney fees in this appeal. Where there is a specific statute providing for the award of attorney fees on appeal, the general attorney fee statutes do not apply. *First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'g, Inc.*, 154 Idaho 626, 632, 301 P.3d 632, 638 (2012); *see Henry v. Taylor*, 152 Idaho 155, 162, 267 P.3d 1270, 1277 (2012). Here, Idaho Code § 31-3220A(16) requires a court, whether on appeal or below, to award attorney fees if the court determines that the action or a part of the action is frivolous or malicious. I.C. § 31-3220A(16)(b). Because the respondents did not cite to nor argue that they are entitled to attorney fees under section 31-3220A(16), we may not award attorney fees on appeal. However, because the respondents are the prevailing party on appeal, they are entitled to costs. Idaho Appellate Rule 40(a); *see First Fed. Sav. Bank of Twin Falls*,

152 Idaho at 633, 267 P.3d at 639 (awarding costs on appeal to the appellants, even though the Court did not award attorney fees).

We affirm the judgment of the district court dismissing Lightner's action with prejudice because the action was frivolous. We award costs, but not attorney fees, to the respondents on appeal.