531 P.2d 569

William Paul WINN et al., Plaintiffs-Appellants,

v.

Walter SCHMID, Defendant-Respondent.

No. 11511.

Supreme Court of Idaho.

Feb. 3, 1975.

**480**

Peter J. Boyd of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for plaintiffs-appellants.

William F. Gigray, Jr., of Gigray, Downen & Gigray, Caldwell, for defendant-respondent.

DONALDSON, Justice.

On the evening of November 20, 1971, at approximately 6:00 p. m., plaintiff-appellant William Paul Winn was traveling east from Nyssa, Oregon to New Plymouth, Idaho in his 1971 Subaru station wagon. The road upon which he traveled, S.W. First Avenue, Payette County, was oiled, approximately twenty-five feet in width, and contained light grades and numerous intersections.

Defendant-respondent Walter Schmid was traveling east on the same road at the same time driving a Model 720 John Deere tractor pulling a two wheel manure spreader. Mr. Schmid had been working in a mint field on the north side of the road, and the spreader was loaded with mint roots to a height of approximately 10 inches above the sidewalls. The spreader was light green in color and the roots were brown.

The appellant drove his station wagon into the rear of the spreader and there was no evidence that he attempted to stop prior to collision. As a result, the appellant suffered severe personal injury in the form of a fractured hip, fractured right leg, fractured right arm, and lacerations of the head. Action was instituted in conjunction with his parents, William H. Winn and Bonnie Lee Winn, for the recovery of damages resulting from the accident including medical expenses, loss of automobile, and loss of wages.

The evidence presented at trial is uncontradicted that the appellant was traveling at a rate of 55 m. p. h. speed on a county road posted 50 m. p. h. The appellant was proceeding on his own side of the road, his headlights were on high beam, and it was dark. It is further uncontradicted that the respondent was traveling at a slow rate of speed with no lights or reflective devices of any sort on the rear of the manure spreader. Three lights were functioning on the tractor—two on the front and one in the middle of the rear. Given the before described load on the spreader, controversy exists as to whether light was visible from the rear.

The appellants allege that William Paul Winn's injuries were the proximate result of Schmid's failure to take necessary care and precaution to avoid a collision in pulling a manure spreader without lights. The respondent answers alleging that appellant's injuries were proximately caused by his own negligence, i. e., overdriving his lights.

The jury returned a verdict finding the appellant and respondent each 50 percent negligent. They further found that the appellants sustained no damages. Upon being polled, two jurors dissented from the apportionment of negligence and three ju-

rors dissented from the failure to find damages. From the judgment in favor of the defendant the Winns perfected appeal.

The appellants assign error to the giving of trial court instruction number 14. It reads as follows:

"You are instructed that it is the law of this state that when a person is operating a motor vehicle upon the public highway at night time he must proceed at such rate of speed that he may be able ordinarily to stop short of an object appearing in the radius of his lights. Generally it is negligence as a matter of law, or at least strong evidence of negligence, for a motorist to operate a motor vehicle on a highway at such a speed that the vehicle cannot be stopped within the distance within which objects can be seen ahead of the vehicle."

The appellants argue that the above instruction is an incomplete statement of the law, and when read in conjunction with number 15 led the jury to the inescapable conclusion that the plaintiff was at least as negligent as the defendant. Instruction number 15 reads:

"You are instructed that a violation of any of the above mentioned Idaho Code Sections constitutes negligence per se."

In the case of Hawkins v. Chandler, 88 Idaho 20, 396 P.2d 123 (1964) this Court was faced with the similar question of operating a vehicle within the radius of its lights. At issue was the propriety of the trial court in overruling an objection to the question whether the defendant was driving at such speed that upon seeing an obstruction in the road, he could stop his car before striking it. The Court in the *Hawkins* case held that the duty to stop was not absolute, but that overruling of the objection to the question was not prejudicial error due to the giving of instruction number 35 as follows:

"You are instructed that the driver or operator of a motor vehicle is not required to be able to stop absolutely short of an object appearing in the radius of his headlights, regardless of existing conditions. The law only requires that he drive at night at such a speed as to be able ordinarily to stop."

In the case at bar, no instruction similar to number 35 was given, and without the additional statement we agree with the appellants' position that the jury is led to the erroneous belief that the duty to stop within the radius of one's headlights is absolute.

Furthermore, the language contained in instruction number 14 given in this case was specifically disapproved in *Hawkins*. Referring to the following language,

"Generally it is negligence as a matter of law, or at least strong evidence of negligence for a motorist to operate a motor vehicle on a highway at such a speed that the vehicle cannot be stopped within the distance within which objects can be seen ahead of the vehicle"

the Court stated that the above was incorrect and in conflict with the law since "it is not negligence as a matter of law to drive a motor vehicle at night at such speed that it may not be stopped short of objects appearing in the radius of its headlights." We agree with the holding in *Hawkins* that the giving of the second sentence in instruction number 14 was error and prejudicial.

The appellants next argue that the jury's failure to find damages was in disregard of instruction number 23 and therefore constituted error. Instruction number 23 reads as follows:

"You must answer the damage questions no matter how you have answered any of the previous questions in the verdict. By asking you to determine the amount of damages sustained by a party, the Court is not indicating, nor is it asking you to indicate, that a party whose damages are being determined is entitled to them * * *."

The questions and corresponding answers to the special verdict in this case were as follows:

"INTERROGATORY NO. 1. Was the defendant, Walter Schmid, negligent? Yes _X_ No ___

If you answered No. 1 in the affirmative, then you must answer Interrogatory No. 2.

INTERROGATORY NO. 2. Was the negligence of the defendant Walter Schmid a proximate cause of the collision and the resultant damages and injuries? Yes X No ___

INTERROGATORY NO. 3. Was the plaintiff, William Paul Winn, negligent? Yes X No ___

If you answered No. 3 in the affirmative then you must answer Interrogatory No. 4.

INTERROGATORY NO. 4. Was the negligence of the plaintiff William Paul Winn a proximate cause of the collision and the resulting damages and injuries? Yes X No ___

If you have answered all the above questions or Interrogatories 1 through 4 in the affirmative then answer Interrogatory No. 5.

INTERROGATORY NO. 5. Considering all the negligence that caused the collision at one hundred percent, what percentage is attributable to

   (a) the plaintiff,
      William Paul Winn   50%
   (b) the defendant,
      Walter Schmid     50%
          Total      100%

INTERROGATORY NO. 6. What is the amount of damages sustained by the plaintiff as a result of the accident? $ 0 "

The respondent argues, pursuant to Idaho Jury Instruction number 281, that the jury should not have been directed to find damages unless the plaintiff was found to be less than 50 percent negligent. Rule 51(b) of the Idaho Rules of Civil Procedure recommends that the trial judge use the IDJI instruction unless he finds another would more adequately or clearly state the law. Here we are faced with an issue of form rather than law, and in view of the supporting instructions, we cannot say the judge abused his discretion or was in error in tendering the special verdict form above. Instruction number 23 called for the determination of damages regardless of the jury's finding of liability. Testimony presented and exhibits offered at trial clearly indicate that substantial damages were incurred by the appellants. The jury's improper answer of $0 damages to interrogatory number 6 indicates that they were either confused by the interrogatories or failed to follow instructions. When the proposed verdict and polling of the jury indicated such, the trial judge should have returned the jury to conference for proper ascertainment of damages, i. e. proper answer to interrogatory number 6, and failure to do so constituted error.

The appellants next argue that instruction number 12 is in conflict with instruction number 14, and should have been modified accordingly. Instruction number 12 reads as follows:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

The appellants fail to assert with particularity the error involved and fail to support their position with authority or argument. General assignments of error are too indefinite to merit the consideration of this Court,[1] especially in view of the fact instruction number 12 is a verbatim quote of I.C. § 49–701(a). Appellants' other assignments of error have been considered and we find them to be without merit.

Case reversed and cause remanded for new trial consistent with this opinion. Costs to appellants.

McQUADE, C. J., and SHEPARD, McFADDEN and BAKES, JJ., concur.

1. Close v. Rensink, 95 Idaho 72, 75, 501 P.2d 1383 (1972); Paullus v. Liedkie, 92 Idaho 323, 325, 442 P.2d 733 (1968); Idaho Supreme Court Rule No. 41(2).