537 P.2d 65

**Frank RANDALL and Margaret Randall, husband and wife, Plaintiffs-Respondents,**

v.

**Richard H. GANZ, Defendant-Appellant.**

**No. 11565.**

Supreme Court of Idaho.

June 20, 1975.

Scott W. Reed, Richard W. Sweney, Coeur d'Alene, for defendant-appellant.

Hardy C. Lyons, of Lyons & Hofmeister, Sandpoint, for plaintiffs-respondents.

DONALDSON, Justice.

In 1959, the plaintiffs-respondents Frank and Margaret Randall, and the defendant-appellant, Richard Ganz, bought adjoining lots on the shores of Priest Lake in northern Idaho. In 1960, the Randalls built a rock-filled jetty to serve as a breakwater in the lake. The jetty was close to the parties' common boundary line, but extended into the lake at an angle away from the Ganz property. Five years later, Ganz built a fifty-foot floating dock near the same extended boundary line.

The neighbors' peaceful coexistence became strained in the early summer of 1972. The Randalls pivoted the jetty so that it was parallel to a tramway which they constructed to facilitate removal of their boat. The changed position of the jetty left it parallel to the extended boundary line and to the Ganz floating dock. Thus, on occasion, the jetty blocked the use of one side of the dock when wave action would swing the dock against the jetty.

Ganz, believing the newly positioned jetty could damage his dock when the wind swung the dock in front of Randalls' lot, spoke with Frank Randall and requested the jetty be removed. When Randall did not act on the request, Ganz attempted to persuade the Randalls by barricading the Randall access road with building materials, thereby cutting off the single entrance to the Randall cabin. Ganz then informed Mrs. Randall that the blockade would be removed when the jetty was dismantled. The Randalls, however, reacted by dismantling the blockade rather than their jetty. The Ganz blockade was rebuilt and removed again by the Randalls later in the summer of 1972.

Ganz final attempt to get the Randalls to move their jetty occurred on Labor Day weekend of 1972. Upon arriving at his cabin on the Friday night before Labor Day, Ganz went over to the Randall cabin and warned Margaret Randall that he was going to block her car in the driveway if she didn't move the car. When Margaret Randall, who was vacationing without her husband that weekend, refused to move the car, Ganz proceeded to block the Randall driveway with his car. Margaret Randall and her guest were able to leave eventually when Ganz went fishing later that weekend.

When none of the Ganz actions led to the dismantling of the jetty, Ganz decided it was time for more direct action. In November, 1972, Ganz dismantled the jetty himself, and damaged the tramway in the process.

Thereupon, the Randalls filed suit in district court seeking damages and injunctive relief for the alleged trespass and harassment. Ganz responded with a counterclaim for damages resulting from trespass.

Following trial, the district court, sitting without a jury, found that Ganz had deliberately and wilfully vexed and hindered the Randalls by barricading the road with no right to do so, and that Ganz wilfully and wantonly destroyed the jetty, again without any right to do so. Actual damages were found to be $1,250.00 and punitive damages were allowed in the amount of $1,750.00. Ganz's claims were not allowed. Judgment was entered on December 14, 1973.

On appeal, the defendant-appellant assigns as error the district court's awarding of both actual and punitive damages. He asserts that there is no legal or factual basis for finding that the defendant acted maliciously and without reasonable cause. He also assigns as error the court's method of determining the littoral boundary line of the parties' property, and claims the trespass was justified by the need to protect defendant's property. The defendant-appellant also assigns as error the award of actual and punitive damages for destruction of the rock-filled jetty that was installed by respondents.

In regard to the first assignment of error as to exemplary damages, the appellant argues there is no factual or legal basis for the determination that appellant had acted maliciously and without reasonable cause.

The cases in Idaho are uniform in regard to the gravity of conduct and attendant state of mind required of a defendant to warrant the assessment of exemplary damages. As stated in Unfried v. Libert, 20 Idaho 708, 728–729, 119 P. 885, 891 (1911):

"As we understand the rule of exemplary or punitive damages, they cannot be recovered unless the evidence shows clearly that the action of the wrongdoer is wanton, malicious or gross and outrageous, or where the facts are such as to imply malice and oppression, in which case the law authorizes the court to allow a sum of money as punishment to the wrongdoer for the injury done.

\* \* \* \* \* \*

"We think the general rule recognized by the weight of authority is, that exemplary or plenary damages may be allowed where the injury complained of is attended by acts of the wrongdoer which show willful malice, fraud, or gross negligence."

*Accord*: Cohen v. Merrill, 95 Idaho 99, 503 P.2d 299 (1972); Jolley v. Puregro Company, 94 Idaho 702, 496 P.2d 939 (1972); Boise Dodge, Inc. v. Clark, 92 Idaho 902, 453 P.2d 551 (1969); Zollinger v. Big Lost River Irrig. Dist., 83 Idaho 411, 364 P.2d 176 (1961).

The evidence introduced in the case at bar supports the trial court's finding that appellant's actions were such as to typify the conscious disregard of respondents' rights that justifies the awarding of exemplary damages. The record shows that each party was furnished with a copy of the plat and that the respective boundaries were staked at the time they purchased their lots. The district court specifically found that appellant knew or should have known he had no right whatsoever to obstruct the access road serving respondents' lot and that appellant "did barricade and block said road and did hinder the [respondents] in the use of said road willfully and maliciously." These findings are sustained by substantial and competent, though conflicting, evidence and will not be disturbed on appeal. Ridley v. VanderBoegh, 95 Idaho 456, 511 P.2d 273 (1973); Johnson v. Joint School Dist., No. 60, Bingham County, 95 Idaho 317, 508 P.2d 547 (1973); Ivie v. Peck, 94 Idaho 625, 495 P.2d 1110 (1972).

The appellant next assigns as error the district court's method of determining the littoral boundaries of the parties. Appellant contends that his occupation of the access road was precipitated by respondents' encroachment upon appellant's dock with their jetty. Appellant argues that a proper method of determining littoral rights reveals that the jetty protruded into his frontage, and thus his actions on the access road and against the jetty were justified by his property right.

This Court has realized that due to the numerous variations of the shoreline formations of lakes that no one rule or formula can be invoked to determine the littoral boundaries so as to apply in all cases. Rather, the controlling thought in every case is to approach each case equitably so that each owner, when possible, will have access to the water proportionate to his share of deep water frontage. Hilleary v. Meyer, 91 Idaho 775, 430 P.2d 666 (1967); Driesbach v. Lynch, 71 Idaho 501, 234 P.2d 446 (1951).

■ In the instant case, the district court found the shoreline in question to be slightly concave, and determined the littoral boundary by bisecting the angle formed by the intersection of the shoreline of the two parties' lots. While this method does not follow the general rule stated in Hilleary v. Meyer,[1] *supra,* it does allocate littoral rights in a manner proportionate to each party's lake frontage. In any case, no method suggested by appellant would result in a determination that the Randall jetty would encroach into the Ganz littoral area. This method, as applied by the district court to the particular facts of this case, appears to be both reasonable and equitable and will not be upset by this Court.

Appellant also argues that trespass resulting from the removal of respondents' jetty was done to keep the dock from being damaged by contact with the jetty.

■ The trial court found that appellant failed to demonstrate adequate need to justify his intrusion and, thus, is answerable for the trespass upon respondents' property. People v. Roberts, 47 Cal.2d 374, 303 P.2d 721 (1956).

■ Appellant also assigns as error the award of damages by the district court for removal of a rock-filled jetty which was installed in alleged violation of statutory law. Appellant argues that the jetty was installed without a permit as required by I.C. §§ 42–3801—42–3810. Here, the record shows that respondents' jetty was installed in the summer of 1960. This 1971 Act is, therefore, not applicable in this case.[2]

■ Appellant's other contentions fail to assert with particularity the error involved and fail to support their position with sufficient authority. Such contentions are too indefinite for consideration by this Court. Winn v. Schmid, 96 Idaho 479, 531 P.2d 569 (1975); Close v. Rensink, 95 Idaho 72, 501 P.2d 1383 (1972); Paullus v. Liedkie, 92 Idaho 323, 442 P.2d 733 (1968); Idaho Supreme Court Rule No. 41(2).

Judgment of the trial court is affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, SHEPARD, and BAKES, JJ., concur.

---

1. " * * * in the event the shoreline is concave, converging lines shall be run from the divisional shorelines to the line of navigability;" Hilleary v. Meyer, 91 Idaho at 777–778, 430 P.2d at 668–669.

2. "No alteration of any stream channel shall hereafter be made unless approval therefor has been given as provided in this act." I.C. § 42–3801.