# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49580

| | | |
|---|---|---|
| STEPHEN A. TANNER, | ) | |
| | ) | **Filed: June 27, 2023** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| IDAHO STATE POLICE, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment dismissing petition to compel and award of attorney fees, <u>affirmed</u>.

Stephen A. Tanner, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Cheryl Rambo, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Stephen A. Tanner appeals from the district court's judgment dismissing his petition to compel disclosure of public records and award of attorney fees. Tanner alleges the district court erred in dismissing his petition. For the reasons set forth below, the judgment dismissing Tanner's petition and awarding attorney fees is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 2021, Idaho State Police Trooper Klitch stopped a vehicle driven by Tanner for failure to maintain a lane of traffic, failure to use a turn signal, insufficient mud flaps, and a registration sticker violation. During the course of the stop, Trooper Klitch suspected Tanner was under the influence, but after breathalyzer tests returned results of 0.00/0.00 blood alcohol concentration, Trooper Klitch released Tanner without a citation. On July 5, 2021, Tanner requested the Idaho State Police (ISP) provide him with the records related to the traffic stop. On

1

July 7, 2021, ISP denied Tanner's request, stating, in part, that producing the records requested would interfere with enforcement proceedings and the investigation was ongoing. ISP indicated Tanner would need to submit a new request at a later date when the requested records become available. On July 8, 2021, Tanner filed a personnel complaint against Trooper Klitch.

On September 27, 2021, Tanner filed another public records request for records related to the stop, including written reports, audio and video recordings, dispatch records, and various other items. On September 28, ISP sent an email notifying Tanner that there would be an incident report and other documentation in the case file, there were no body camera videos, it would provide electronic copies on a CD or DVD, and it would accept cash or check payments for the copies. The next day, ISP sent Tanner a letter stating the availability of the records was not known and so it would need the ten days provided by law to process the request. However, rather than delay providing all the information requested, ISP attached a copy of the police reports and indicated that because of technical difficulties with the video redaction software, it needed additional time to prepare and send the video of the traffic stop.

On September 30, 2021, ISP sent Tanner the information related to Tanner's previous request: the reports from the two troopers who were at the scene, the report of Tanner's breathalyzer tests, and the dispatch CAD report. That same day, Tanner responded with another request seeking body camera footage and unredacted copies of the dashboard camera video of the traffic stop.

On October 28, 2021, ISP provided Tanner copies of two dashboard camera video recordings and stated that all other records related to the traffic stop had already been provided. Tanner responded on November 2, indicating he received the DVD with the audio and visual files. He also stated the sound quality of the videos was poor, asked if the videos had been altered, and alleged that he had not received all the requested records. Tanner "demand[ed] a certified copy of all audio and video recordings" of the stop; all written reports related to the stop; dispatch audio recordings; information on who he believed was another officer riding in Trooper Klitch's patrol car during the traffic stop; "any written communication, emails or electronic communications (i.e., text message and like) about me, about my wife, or about the conduct of the ISP Officers" at the stop; and firearm identification of the gun the officers removed from Tanner's vehicle during the traffic stop. ISP responded that it would need additional time to respond to Tanner's new request. On November 17, 2021, ISP responded, stating that it would provide some of the records Tanner

2

requested, but would deny others for various statutory reasons, including that some of the records did not exist. ISP again sent all the records it had previously provided to Tanner and included an additional audio recording of the dispatch communications related to the traffic stop.

Tanner did not believe that ISP provided all records from the traffic stop, and on December 16, 2021, Tanner filed a petition to compel disclosure with the district court, asking the court to compel ISP to disclose all records related to the traffic stop and show good cause why these records were not previously disclosed pursuant to Idaho's Public Records Act (the Act). Tanner alleged that ISP improperly denied or ignored his records requests and he requested ISP to disclose all unredacted records related to the traffic stop, including all written reports, electronic communications, audio and video recordings, investigatory records, and administrative review reports or documents related to the complaint he filed about Trooper Klitch. Additionally, Tanner requested a refund of $25.21, an award of reasonable costs, and a civil penalty be imposed for ISP's alleged deliberate, improper, and bad faith violation of the Act.

In response, ISP filed a motion to dismiss the petition on the grounds that: (1) it fully disclosed all records that were subject to release under the Act; and (2) the additional records Tanner sought did not exist, were not subject to disclosure, or fell outside the scope of the Act and, as such, there was no further claim that could be made under the Act. ISP requested an award of attorney fees. In support of its motion to dismiss, ISP included affidavits from three employees. Each employee outlined her role as it pertained to Tanner's requests, described work performed in response to Tanner's records requests, and asserted Tanner was provided true and accurate copies of all reports, documents, and audio and video files that related to the traffic stop. The response and exhibits were mailed to an address provided by Tanner.

Tanner subsequently filed multiple documents, including a request for discovery regarding ISP's responses to various interrogatories and production of documents, and asserted he never received ISP's response or exhibits. ISP opposed Tanner's discovery requests on the grounds that the Act does not permit discovery and Tanner's requests fell outside the statutory scope of the Act and should therefore be denied. ISP also noted that Tanner provided two addresses--a post office box and a street address. Because the exhibits were contained on a thumb drive and because the United States Postal Service would not deliver a thumb drive to a post office box, ISP sent the item to Tanner's physical address. However, the physical address Tanner provided was a "non-USPS" address and the post office would not deliver the item to that address. As a result, the USB drive

3

containing all exhibits could not be delivered to Tanner. Ultimately, Tanner received the response and exhibits contained on the thumb drive but then filed various declarations asserting concerns with the accuracy of the reports and videos he received from ISP, objecting to statements made in the ISP employees' affidavits, and arguing the audio from the dashboard camera videos was poor. Tanner also opposed the State's motion to dismiss. Tanner argued his petition should not be dismissed because the State never filed an answer to his petition and did not timely provide the requested documents. Additionally, Tanner argued that the administrative review records he sought may be disclosed and he should be permitted to conduct discovery under the Act where such discovery would help him verify whether ISP conducted thorough searches to find documents related to the traffic stop.

The district court held a hearing on the State's motion to dismiss. At the hearing, Tanner asserted he only had notice that the hearing was going to be a scheduling conference, not a motion to dismiss hearing. However, the district court found Tanner had notice and, therefore, the motion to dismiss hearing continued. Initially, the court found that it was proper for the State to file a motion to dismiss instead of an answer pursuant to Idaho Rule of Civil Procedure 12(b)(6). Thereafter, because the court considered additional documents filed by ISP, it treated the motion as an I.R.C.P. 56(a) motion for summary judgment. The district court reached the merits of the State's motion. The district court held: (1) the court has a very limited role in public records requests; (2) as set forth in multiple appellate cases, discovery is not allowed in proceedings under the Act; (3) personnel records are not subject to disclosure under the Act; and (4) ISP properly provided Tanner all the records related to the traffic stop. Thus, the district court granted the State's motion to dismiss. Because the State was the prevailing party and the district court found Tanner pursued the case frivolously in light of existing law, the court granted the State attorney fees pursuant to Idaho Code § 74-116(2) in an amount to be determined.

A day later, Tanner filed a declaration asserting again that he did not have notice of the motion to dismiss hearing. That same day, the State filed a notice of correction stating it appeared Tanner did not have proper notice of the motion to dismiss hearing because he did not provide an email service address within Idaho's electronic file and serve system and the State had not noticed this mistake. The State included an affidavit from an ISP employee further explaining the notice issue. Accordingly, the district court scheduled a new hearing on the State's motion to dismiss.

4

Prior to the rehearing, Tanner filed multiple documents, including four personal declarations, an objection to the State's affidavit related to Tanner's service issues, a subpoena for Tyler Technologies, a motion to reconsider, a declaration of a forensic examiner, and various other documents. The State responded to some of Tanner's filings.

At the subsequent hearing, the district court again granted the State's motion to dismiss. The district court reiterated its previous findings: Tanner's petition did not require an answer; the discovery Tanner sought was not permissible under the Act; and ISP properly provided Tanner the records that related to the traffic stop. The district court additionally found that because ISP provided all the documents related to the traffic stop prior to the filing of Tanner's petition, the petition and "the many, many, many documents" he subsequently filed were frivolous, superfluous, and time consuming for ISP. The district court noted that as Tanner had the benefit of hearing the court's reasoning at the prior motion to dismiss hearing, he had the opportunity to voluntarily dismiss the lawsuit and avoid attorney fees, but instead proceeded to file many documents with unintelligible arguments that had no impact on the court's decision. Accordingly, the district court awarded ISP $27,350 in attorney fees. Tanner timely appeals.

## II.

## STANDARD OF REVIEW

When considering an appeal from a public records request, this Court will not set aside a district court's findings of fact unless they are "clearly erroneous, which is to say that findings that are based on substantial and competent, although conflicting, evidence will not be disturbed on appeal." *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Tanner alleges the district court erred in dismissing his petition to compel disclosure. Specifically, Tanner argues that the district court erred because: (1) there was no procedural mechanism for the court to consider information outside of the pleadings and dismiss his petition

5

under the Idaho Rules of Civil Procedure; (2) the finding that ISP provided all documents that he was entitled to under the Act was clearly erroneous; (3) ISP violated the Act by providing untimely disclosures of records related to the traffic stop and by providing insufficient explanations to support its notice of denials of additional documents; (4) it erroneously adopted ISP's factual overview of the proceedings; (5) it erroneously found Tanner's objections to ISP's motion lacked merit; (6) it erroneously found Tanner could not conduct discovery under the Act; (7) it did not timely schedule the hearing and enter its judgment dismissing Tanner's petition; (8) it did not address his motion to reconsider; and (9) it erroneously awarded ISP attorney fees. Tanner also asserts that the district court was biased against him during the proceedings. In response, the State argues the district court did not err.

**A.    The District Court Did Not Err in Considering Information Outside the Pleadings and Dismissing the Petition**

Tanner alleges the district court erred in dismissing his petition because I.R.C.P. 12(b)(6) provides no mechanism for dismissal and the court improperly considered documents outside of the pleadings in its analysis. We disagree.

Under I.R.C.P. 12(b)(6), a party may seek to have the court dismiss a complaint for "failure to state a claim upon which relief can be granted." I.R.C.P. 12(b)(6). "A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated." *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). However, if a 12(b)(6) movant presents matters outside the pleadings and the trial court does not exclude them, then the motion must be treated as one for summary judgment under I.R.C.P. 56. I.R.C.P. 12(d); *see also Bennett v. Bank of E. Oregon*, 167 Idaho 481, 485-86, 472 P.3d 1125, 1129-30 (2020). While all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion, "[s]ummary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Lockheed Martin Corp. v. Idaho State Tax Comm'n*, 142 Idaho 790, 793, 134 P.3d 641, 644 (2006).

Here, although ISP filed a motion to dismiss under I.R.C.P. 12(b)(6), it also submitted additional materials including three affidavits from ISP employees detailing their actions taken in response to Tanner's public records requests and exhibits showing the documents it provided to Tanner in response to his public records requests. In its oral decision dismissing Tanner's petition, the district court stated it had reviewed multiple documents outside the pleadings, including the

6

affidavits. The district explicitly stated it was treating the motion to dismiss as a summary judgment motion. Idaho Rule of Civil Procedure 12(d) permits a trial court to treat an I.R.C.P. 12(b)(6) motion as an I.R.C.P. 56(a) motion when it relies on information outside the pleadings. As a result, we will treat the district court's dismissal of Tanner's petition as a grant of summary judgment.

On appeal from a grant of summary judgment, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

**B.      The District Court Did Not Err in Dismissing Tanner's Petition**

Tanner argues the district court erred in dismissing his petition on multiple bases. Each argument will be addressed in turn.

7

**1. Substantial and competent evidence supports the district court's finding that ISP provided all public records that Tanner was entitled to under the Act**

Tanner alleges the district court erred in finding that ISP provided all public records that he was entitled to under the Act. Tanner argues the district court's finding was clearly erroneous because ISP's disclosures did not come all at once and, therefore, they were necessarily incomplete. He also argues that because he did not receive certified copies of the audio and visual recordings or any administrative review records, despite submitting a conduct complaint against Trooper Klitch, the disclosures are incomplete.

The Act provides a statutory mechanism by which members of the public may review public records so that they may be knowledgeable of the operations of their government, the performance of public officials, and the formulation of public policy.[1] Under the Act, "[e]very person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute." I.C. § 74-102(1). Thus, while the Act explicitly provides exceptions to disclosure, we narrowly construe these exemptions. *Hymas v. Meridian Police Dep't*, 159 Idaho 594, 601, 364 P.3d 295, 302 (Ct. App. 2015); *see also Wade v. Taylor*, 156 Idaho 91, 97, 320 P.3d 1250, 1256 (2014).

The Court has authority to order a custodian to show cause why records are being withheld if it appears the records are being improperly withheld. I.C. § 74-116. When a party seeking records files a motion to compel disclosure under the Act, the withholding agency carries the burden of proof as to why it withheld specific records. *Wade*, 156 Idaho at 100, 320 P.3d at 1259. If the withholding agency "fails to meet its burden, it has not shown cause for withholding the records and should be ordered to disclose them." *Hymas*, 159 Idaho at 601, 364 P.3d at 302.

Here, the district court held that ISP did not withhold any documents from Tanner and that ISP "has provided all of its public records that Mr. Tanner is entitled to by law, and they did so appropriately under the Idaho Code." The court continued, "Mr. Tanner's got what he's entitled to. If the state police doesn't have a document, then they don't have a document. You can't manufacture something out of thin air." Substantial and competent evidence supports the finding

---

[1] A public record includes, but is not limited to, "any writing containing information relating to the conduct or administration of the public's business prepared, owned, used or retained by any state agency, independent public body corporate and politic or local agency regardless of physical form or characteristics." I.C. § 74-101(13).

8

that ISP provided all records to which Tanner was entitled under the Act and sufficiently communicated this to Tanner before Tanner filed his petition to compel disclosure. After each public records request, ISP responded, provided the records that were currently available, and indicated that any additional records sought by Tanner would be subsequently provided, were not found, or did not exist. Because Tanner believed additional records were being withheld, he filed the petition to compel.

In response to Tanner's petition, ISP submitted a motion outlining the actions it took in response to Tanner's public records requests and included affidavits from three ISP employees. In the first affidavit, Katrina Ramey stated that she is an employee of ISP and is responsible for assisting in responding to public records requests and ensuring compliance with records management procedure. In response to Tanner's requests, Ramey attested that she "made true and accurate copies of all reports (found in ISP's files/databases) as requested by Steve Tanner" and the attached exhibits contained all information, correspondence, documents, and reports related to the requests. Ramey indicated she also redacted personal identifying information from some of the records provided. In the second affidavit, Lisa Correia stated that she maintains electronic records for ISP patrol evidence and ensures compliance with records management procedure. Correia attested that in response to Tanner's public records requests, she reviewed the video evidence of the traffic stop and, after making required redactions to remove personal identifying information of any third parties not related to the stop, she made true and accurate copies of the original videos and audios and provided these copies to Ramey to send to Tanner. Correia attested that State's exhibit 2 was a true and accurate copy of the documents she compiled. Finally, in the third affidavit, Melissa Stroh stated that she maintains electronic audio records for ISP's communications center and ensures compliance with records management procedure. Stroh attested that in response to Tanner's public records requests, she pulled the dispatch records pertaining to the traffic stop, made a true and correct copy of these records, and provided them to Ramey to send to Tanner. ISP filed exhibits of all the documents it provided to Tanner in response to his public records requests.

At the motion to dismiss hearing, ISP reiterated that it had provided Tanner all records related to the traffic stop prior to the filing of Tanner's petition to compel, stating:

> Mr. Tanner has been given everything he has asked for, everything that is allowed by law. ISP gave Mr. Tanner its records twice before he filed the motion to compel.

9

He has since obtained the records once again during the course of this action. There is nothing more that he can receive under Idaho Code Section 74-115.

The district court found ISP's assertions credible. In light of the record in this case, there is substantial and competent evidence to support the district court's finding that ISP provided all records that Tanner was entitled to under the Act.

While Tanner believes that more documents should exist--specifically administrative review records in response to Tanner's complaint against Trooper Klitch and certified copies of the audio and visual recordings--these assertions do not make the district court's finding that ISP provided all the records to which Tanner was entitled clearly erroneous. First, although Tanner may have sought administrative review records related to the stop, ISP responded to Tanner's public records requests by providing all documents that Tanner was entitled to and stated that the other documents Tanner sought did not exist. Nothing in the record indicates ISP withheld personnel records regarding Tanner's complaint about Trooper Klitch; instead, ISP indicated such records did not exist at the time of the request. Tanner's assertion that it is "absurd that no records exist whatsoever" of the personnel complaint is not evidence that the records existed at the time of the request. Thus, substantial and competent evidence supports the district court's finding that ISP provided Tanner all records to which he was entitled under the Act.

Second, although Tanner expressed various issues with the sound and playback quality of the audio and video recordings and requested that certified copies be provided, the affidavits from ISP's employees provide substantial and competent evidence that the recordings provided were true and accurate copies of the redacted dashboard camera videos and audio recordings. While I.C. § 74-102(3) requires the custodian to give "the person, on demand, a certified copy of it if the record is of a nature permitting such copying or shall furnish reasonable opportunity to inspect or copy such record," I.C. § 74-124(1)(c) exempts from disclosure law enforcement investigatory records compiled for law enforcement purposes by a law enforcement agency that "constitute an unwarranted invasion of personal privacy." ISP provided an affidavit that indicated, "Any redactions made, were to protect the privacy and personal identifying information (being aired over radio traffic) of the person involved and any third parties not related to this traffic stop." Thus, although Tanner requested certified copies of unredacted dashboard camera videos and audio, any information regarding Tanner or third parties that may have been on the video was required to be redacted pursuant to I.C. § 74-124(1)(c) and, thus, ISP could not legally provide a certified copy of an unredacted video or audio. Instead, what ISP could and did provide was a true

10

and accurate copy of videos which were redacted to remove personally identifying information about Tanner or third parties.[2]  Because Tanner was not legally entitled to unredacted copies of the original dashboard camera videos or audios, and because substantial and competent evidence shows he received true and accurate copies of the redacted videos, his claim is without merit.  That Tanner wishes the videos and audio recordings were of higher quality is irrelevant to concluding that substantial and competent evidence supports the district court's finding that ISP provided Tanner all records to which he was entitled under the Act.

2.      **Timeliness of ISP's disclosures and notice of denial**

Tanner argues the district court erred in dismissing his petition because ISP provided untimely responses to his records requests and failed to meet its burden under the Act to show that a statutory exception applied to the documents which it withheld because it did not provide enough specificity in its notices of denial.  We disagree.

The Act requires an agency to respond to a public records request within three working days of receiving the request.  I.C. § 74-103(2).  If an agency determines it will need more time to locate or retrieve responsive records, it may, upon written notice to the requestor, extend the time to fulfill the request to ten days from its receipt.  *Id.*  If the requestor has asked for electronic records and those records will first have to be converted to another electronic format and the conversion cannot be completed within ten working days, the agency shall so notify in writing the person requesting to examine or copy the records and then shall provide the converted records at a mutually agreeable time.  *Id.*; *see also Cover v. Idaho Bd. of Correction*, 167 Idaho 721, 731, 476 P.3d 388, 398 (2020).  Accordingly, an agency violates the Act if it provides untimely disclosures or no notice of the statutory reason for a denial of a public records request.

However, in *Cover*, the Idaho Supreme Court held that the remedy for an untimely disclosure is limited and, further, a generalized notice of the agency's statutory reasons supporting its denial does not violate the Act.  There, Cover sought thousands of pages of records related to lethal injections in death penalty cases in Idaho.  *Cover*, 167 Idaho at 726, 476 P.3d at 393.  On appeal, Cover made several arguments, including that the Department of Correction provided late

---

[2]      We note that in his opening brief, Tanner objects to the exhibits provided by ISP to the district court because the exhibits did not properly redact his personal identifying information.  In the same brief, Tanner argues ISP improperly redacted audio and video files to remove personal identifying information about third parties.

disclosures and deficient notices of denial. Specifically, Cover alleged the Department's disclosures were untimely because it did not provide all documents within the ten-day statutory time requirement and its notices of denial were insufficient because they covered hundreds of pages of requests with each denial notice, cited to multiple bases for exemption, did not indicate which exemption was claimed for each individual record, and for one disclosure, cited no basis for exemption at all. *Id.* at 732, 476 P.3d at 399. Cover argued that because of these untimely disclosures and alleged inadequate notices, the Department should be forced to disclose all records requests, even if exceptions applied. *Id.* at 731-32, 476 P.3d 388-99.

The Idaho Supreme Court disagreed. First, the Court found the Act did not contain a separate remedy for the failure to timely respond. *Id.* at 732, 476 P.3d 399. Instead, it held that under the Act, a failure to timely respond is deemed a denial of the request and a party may seek attorney fees and costs for bad faith and frivolous denials under the Act. *Id.* Second, the Court held the Act "offers no guidance on how specifically an agency must indicate a basis for a denial, but that what comprises adequate notice is likely to vary with the scope of each request, the nature of the records requested, and the exemptions claimed in each case." *Id.* The Court acknowledged that while nonspecific claims of exemption may impair the usefulness of the notices, such notices did not violate the Act and, furthermore, the Act provides no separate remedy for non-complying notices. *Id.* Instead, the Act "only provides remedies for bad faith and frivolous denials, of which non-complying notices may be evidence." *Id.*

Here, Tanner asserts that ISP provided late disclosures of certain records because it did not provide all records within ten days of his requests and, therefore, the district court should not have dismissed his petition. However, Tanner does not argue the late disclosures were frivolous or made in bad faith, and a review of the record does not support such a finding. For example, although ISP did not provide copies of the dashboard camera videos within ten days, it nonetheless complied with I.C. § 74-103(1) by timely providing Tanner notice of why the videos were delayed (the problem with the redaction software) and provided the redacted records when the software issues were resolved. In this circumstance, there is no evidence the delays were the result of ISP's frivolous or bad faith actions. Further, Tanner did not request any remedy beyond the ultimate disclosure of the records in question, which he previously received. Because, as discussed above, Tanner received copies of the redacted videos, there is no further remedy to which Tanner is entitled.

Tanner argues that ISP's notices denying aspects of his public records requests amounted to "checking the box" that a statutory exception applies and therefore were "unlawful." However, as the Idaho Supreme Court held in *Cover*, the Act does not prohibit generalized notices like the ones Tanner received and provides no remedy for non-complying notices. While such notices may be evidence that ISP's denials were frivolous or made in bad faith, this did not occur here. ISP provided all the records Tanner was entitled to under the Act prior to Tanner filing his petition to compel in the district court. Additionally, in response to each of Tanner's discovery requests, ISP provided the documents to which it believed Tanner was entitled and then communicated that any additional documents related to the traffic stop fell within an enumerated statutory exception, were not found, or did not exist. As such, ISP's non-specific notice of disclosures did not render the district court's judgment dismissing Tanner's petition erroneous.

### 3. The district court did not err in adopting the State's factual overview

When making its oral decision granting ISP's motion to dismiss, the district court stated, "the background that's contained in--and the sequence of events that [ISP] recites at pages two and three and four of her brief are accurate, they check out, and all of that are what happened prior to Mr. Tanner filing his verified petition on December 16th, 2021." Tanner alleges the district court erred in finding that ISP's factual overview was accurate and points to several statements from ISP's motion to dismiss which he believes "are false, void of many relevant facts, misleading and unsupported." For example, Tanner alleges that ISP omitted the following facts: (1) the thumb drive containing a voicemail message which Tanner left for ISP on July 6, 2021, was not disclosed until January 2022; (2) in November 2021, ISP provided audio dispatch recordings related to the traffic stop that were not previously disclosed in response to Tanner's public records request; (3) ISP did not complete service of its motion to dismiss until January 21, 2022; (4) ISP did not provide proper service of its notice of hearing on the first motion to dismiss; and (5) ISP did not provide proper service of State's exhibit 16 (a copy of Tanner's tort claim against the State in relation to the traffic stop). Tanner also alleges that certain facts provided by ISP, like that he filed a tort claim against the State in relation to the traffic stop and left a voicemail, were irrelevant and prejudicial.

While Tanner lists what he believes are factual omissions or inaccuracies, Tanner never explains how his articulation of the facts at issue would have created a genuine issue of material fact that would render the district court's dismissal of his petition erroneous. A party waives an

13

issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, Tanner has waived consideration of this issue.

Additionally, I.R.C.P. 61 provides that, "at every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Accordingly, a party must provide argument explaining how an alleged error or defect prejudiced a substantial right. *See Cedillo v. Farmers Ins. Co.*, 163 Idaho 131, 136, 408 P.3d 886, 891 (2017). Tanner provides no argument that the district court's adoption of the factual overview provided in ISP's motion to dismiss impacted a substantial right and, as such, Tanner's claim regarding the various alleged omissions and inaccuracies as outlined above fails.

### 4. The district court did not err in finding Tanner's objections lacked merit

When making its oral decision granting ISP's motion to dismiss, the district court stated that "there are a variety of objections that were voiced by Mr. Tanner today. There's a variety of objections that are set forth in the first three pages of his brief in opposition. I've read those. No objection has any merit." Tanner alleges this finding was in error.[3] Specifically, Tanner raises various procedural objections including that ISP: (1) failed to serve proper notice of the first motion to dismiss hearing; (2) did not serve other, unspecified documents; (3) failed to answer and timely serve its responsive pleadings; (4) should have electronically filed various exhibits instead of mailing him a thumb drive with the exhibits; (5) presented a factual overview in its responsive pleading that was "prejudicial, untruthful and misleading"; and (6) provided affidavits to which Tanner had meritorious objections. However, while Tanner asserts that the district court erred in finding these objections lacked merit, he provides no argument to support claims (2)-(6). Accordingly, he waives his claim of error in relation to these objections. *See Powell*, 130 Idaho at 128, 937 P.2d at 440.

Tanner does, however, provide argument to support his first objection--that the district court erred in finding his assertion that ISP did not provide proper service lacked merit. Tanner alleges that ISP provided him with various documents including its motion to dismiss, three affidavits from ISP employees, proposed order to seal exhibits, objection to Tanner's discovery requests, motion to shorten time, and notice of court correction through the "courtesy copy" feature

---

[3] Tanner cites to a similar finding the district court made in its order on attorney fees in his appellant's brief. Because Tanner alleges the district court erred in finding his objections lacked merit as part of his argument that the district court erred in dismissing his petition, we will use the finding the district court made in its oral decision granting ISP's motion to dismiss.

14

of the electronic file and serve portal, which he alleges does not constitute proper service under the Idaho Rule of Electronic Filing and Service. Additionally, Tanner alleges that he received no service of ISP's first notice of hearing for its motion to dismiss or its notice of filing of State's exhibit 16. Accordingly, Tanner alleges he did not receive valid legal service of any of these documents and, therefore, his objection related to improper service had merit.

The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235, 1242 (2009). One may not complain of errors one has consented to or acquiesced in. *Id*. In short, invited errors are not reversible. *Id*.

The Idaho Rules of Electronic Filing and Service provide:

> A party who electronically appears in the action by filing a document through the File and Serve electronic filing system, that the court has accepted, is deemed to have given consent to accept electronic service of any document filed by any other registered filer in this action or the court, except for any document that requires personal service, pursuant to Idaho court rules. Service by electronic means upon this filer through their designated service contact is thereafter mandatory unless exempted by rule or court order.
> . . . .
> At the time of preparing the party's first electronic filing in the action through File and Serve, a party must enter the name and service email address designated as a service contact on behalf of the party in the action. This service contact must be utilized for service between the parties through the electronic filing system. If an attorney represents more than one party, it is permissible to designate a service contact(s) for a single party to be utilized for service upon all parties represented by that attorney. Service through the system is accomplished through the party's designated service contact. Valid legal service is not accomplished by utilizing the system's "Courtesy Copy" feature.

I.R.E.F.S. 17.

Once Tanner electronically appeared in the case by filing his petition to compel through the file and serve electronic filing system, it was his responsibility to input his contact information to receive the mandatory electronic service of subsequent documents by ISP. The record indicates that Tanner did not enter an email address for service purposes into the file and serve system. Instead, Tanner simply included his email address at the top of his pleadings. This did not fulfill his requirement to provide a "service contact" under I.R.E.F.S. 17 and, accordingly, Tanner invited the error of which he now complains. As a result, this claim fails on appeal.

Tanner's claim is also unsuccessful because he does not explain how his substantial rights were affected by receiving courtesy copies of the documents. As previously articulated, at "every

15

stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." I.R.C.P. 61. Tanner concedes that "to his knowledge, [he] has received the documents filed by the Respondents, excepting the Respondent's Notice of Hearing (filed 1/13/2022) and State's exhibit 16 (filed 1/31/2022)." While Tanner alleges that because he received the documents through the courtesy copy feature, he was not properly served, Tanner provides no argument explaining how receiving the documents through the courtesy copy feature instead of having them emailed to him through the service feature affected a substantial right. Tanner's claim fails as it relates to all the documents Tanner received through the courtesy copy feature of the electronic file and serve system.

When reviewed on the merits, Tanner's claim regarding the two documents, ISP's notice of the hearing for the first hearing on its motion to dismiss and State's exhibit 16, similarly fails. First, because of the service issues concerning ISP's notice of motion to dismiss hearing, the district court conducted a new hearing after Tanner received proper service. This cured any error from the initial lack of service of ISP's notice. Second, State's exhibit 16 was a copy of the tort claim which Tanner filed against the State in relation to the traffic stop. By its very nature, exhibit 16 was a document to which Tanner had access. Third, Tanner provides no argument or authority to explain how ISP's failure to serve either of these documents affected a substantial right. Accordingly, the district court did not err by finding that Tanner's objections lacked merit and dismissing his petition.

### 5. The district court did not err in denying Tanner's discovery requests

Tanner alleges the district court erred by holding that his discovery requests were not within the scope of the Act because, without discovery, he is not able to determine the accuracy of ISP's explanations of why it did not provide additional records.

Idaho Code § 74-115(1) provides, in relevant part:

> The sole remedy for a person aggrieved by the denial of a request for disclosure is to institute proceedings in the district court of the county where the records or some part thereof are located, to compel the public agency to make the information available for public inspection in accordance with the provisions of this chapter.

In *Henry v. Taylor*, 152 Idaho 155, 161, 267 P.3d 1270, 1276 (2012), the Idaho Supreme Court interpreted this section[4] as providing very limited relief to an aggrieved party. The Court

---

[4] This section was previously identified as Idaho Code § 9-334. The Act has subsequently been recodified; however, the relevant statutory language at issue remained unchanged.

held that the only relief the court can grant is to order the public entity to make the records available for inspection. During oral argument before the Idaho Supreme Court in *Henry*, the appellant's counsel acknowledged that his client had been provided the records he was seeking, but counsel "stated that there was additional discovery his client would like to conduct regarding the records and the existence of any emails regarding this transaction." *Henry*, 152 Idaho at 161, 267 P.3d at 1276. In the opinion, after summarizing the relevant statutory law, the Court concluded the appellant was not "entitled in this proceeding to conduct further discovery regarding information that may be contained in the records that were produced" because the appellant had "received the relief to which he [was] entitled with respect to examining the public records requested." *Id.* In short, the action available to a party under I.C. § 9-343 is for a limited purpose: the action may seek to compel a public entity to disclose public records it is improperly withholding but not to perform further discovery over the proceedings. *Id.* Accordingly, discovery is not an available remedy under the Act and, as such, the district court did not err in finding Tanner could not seek discovery through his petition.[5]

### 6. The district court did not err in its scheduling and timing of the judgment dismissing Tanner's petition

Tanner alleges the district court erred by not setting responsive pleadings and a hearing on his petition within twenty-eight days. He also argues the district court erred by not timely entering the judgment dismissing the case. The district court did not err.

First, Tanner has waived any claim of error related to scheduling the responsive pleading and a hearing for his petition. It is true that the Act provides that responsive pleadings and a hearing "shall be set by the court at the earliest possible time, or in no event beyond twenty-eight (28) calendar days from the date of filing." I.C. § 74-115. However, the civil rules require the petitioner to file a notice of hearing to set hearing dates for civil proceedings. Specifically, I.R.C.P. 7(b)(3)(A) provides:

> A written motion, affidavit(s) supporting the motion, memoranda or briefs supporting the motion, if any, and, if a hearing is requested, the notice of hearing for the motion, must be filed with the court and served so as to be received by the parties at least 14 days prior to the day designated for hearing.

---

[5] A request under the Idaho Public Records Act is not a substitute for discovery. Tanner is able to seek discovery through his civil tort lawsuit he has filed against the State.

17

Tanner filed his petition on December 16, 2021, but did not file a notice of hearing related to the petition as required by I.R.C.P. 7(b)(3)(A). ISP responded by filing its motion to dismiss nineteen days later, on January 4, 2022, and complied with I.R.C.P. 7(b)(3)(A) by filing a notice for a hearing with its motion. The district court accordingly scheduled the hearing on ISP's motion on January 31, 2022, which was within twenty-eight days of the State's filing. Thus, the record shows ISP complied with the time constraints required by the Act by filing its responsive pleading within twenty-eight days, and the district court complied with the Act by scheduling a hearing within twenty-eight days of the request for hearing. If Tanner wanted a hearing on his petition, the burden was on Tanner to request a hearing on his petition and, without such notice, there was no hearing for the district court to set. Accordingly, Tanner invited any claim of error related to the timing of the hearing and therefore his claim fails on appeal. *See Thomson*, 147 Idaho at 106, 205 P.3d at 1242.

Second, Tanner has not shown error in the district court's filing of the judgment dismissing his petition. While Tanner alleges the district court "delayed entry of judgment, thus delaying the lawful appeal process," Tanner provides no argument or authority explaining why the district court's judgment was untimely or prejudiced his appeal. Accordingly, Tanner waives consideration of the issue. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Further, he failed to assert the court's untimeliness prejudiced a substantial right. *See Cedillo*, 163 Idaho at 136, 408 P.3d at 891 (declining to address appellant's discovery issues on appeal because appellant failed to support claims with argument demonstrating prejudice). Because Tanner provides no argument explaining how either of these alleged errors affected his case, he has waived consideration of these claims on appeal.

## C.    The District Court Did Not Err by Not Considering Tanner's Motion to Reconsider

Tanner alleges the district court erred by not considering his motion to reconsider the court's dismissal of his petition. Tanner argues that he did not receive proper service of the State's notice of the first motion to dismiss hearing and, thus, the district court should have addressed Tanner's motion to reconsider.

However, the district court did not address Tanner's motion to reconsider because it granted Tanner the relief he sought; the court refrained from entering an order dismissing the petition and held another hearing on the motion to dismiss stating:

18

We're here, first of all, on the rehearing on the defendant's motion to dismiss, and let me just cover what I have read. We had a hearing on this motion back on January 31st, 2022. I heard argument. I found that the defendant had served its motion to dismiss on the plaintiff. A couple days later it was pointed out by [the State] that wasn't accurate and--so at that hearing I granted the motion to dismiss, but I did not at any time sign the proposed order dismissing.

There has also been motions to reconsider. I've read all the briefing regarding the motions to reconsider, but I don't know that we really need to hear the motion to reconsider filed by Mr. Tanner since I have not entered my order on the motion to dismiss, so we're here today to rehear the motion to dismiss brought by the defendant, and I'll hear argument on that.

Although Tanner objected, the hearing continued and the parties again presented argument relating to the State's motion for dismissal. Accordingly, Tanner received the relief he requested and the only relief available to him--the court reconsidered the State's motion to dismiss. Because Tanner does not articulate how consideration of his motion to reconsider may have yielded a different outcome, he waives the issue on appeal. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

### D.     The District Court Did Not Err by Awarding Attorney Fees

Tanner concedes "the determination that the Petitioner's actions are frivolous is in the court's discretion" but argues the action and accompanying documents he filed were not frivolous and, accordingly, the district court erred in awarding ISP attorney fees.

Awarding attorney fees and costs is a discretionary decision for the trial court. *Treasure Valley Home Sols., LLC v. Chason*, 171 Idaho 655, 660, 524 P.3d 1272, 1277 (2023). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. On appeal from an award of attorney fees, the burden is on the party opposing the award to demonstrate that the trial court abused its discretion. *Treasure Valley*, 171 Idaho at 670, 524 P.3d at 1277.

Idaho Code Section 74-116(2) authorizes the award of reasonable attorney fees to the prevailing party in a public records case if the trial court finds the request or refusal to provide records was frivolously pursued. The district court found that ISP was the prevailing party and Tanner pursued the action frivolously; accordingly, the court awarded ISP attorney fees pursuant to I.C. § 74-116(2). Tanner does not establish this was an abuse of discretion.

19

Tanner argues the district court erred in awarding attorney fees pursuant to I.R.C.P. 54(e)(2) and I.C. § 12-121 because the district court did not issue written findings. However, the district court did not award attorney fees pursuant to the above authority, but instead, awarded attorney fees pursuant to I.C. § 74-116(2). Tanner does not provide argument or authority explaining how the district court abused its discretion in awarding attorney fees pursuant I.C. § 74-116(2) beyond his conclusory allegation that he did not believe his filings were frivolous. Tanner asserts "his conduct in this case and every document filed is supported in fact, law, and reason with good faith arguments, and is the antithesis of frivolous" and "[p]roof of this assertion is presented in the Verified Petition to Compel Disclosure of Public Records, and every filing of the Petitioner in this Court Record." This argument is conclusory and, as such, Tanner waives consideration of the claim on appeal. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Moreover, as previously articulated, Tanner received all the documents he was entitled to under the Act before he brought this petition to compel production. Despite this, and throughout the action, Tanner repeatedly requested the production of records that he already had (police reports, dashboard camera footage, and dispatch audio files), did not exist (body camera footage of the traffic stop), or were outside the scope of the Act (interrogatories and other discovery requests). When provided with the district court's findings that supported the dismissal of his petition during the first motion to dismiss hearing, Tanner filed additional declarations, subpoenas, and other documents that did not meaningfully pertain to or address the court's stated concerns. Accordingly, the district court did not err in finding Tanner's petition seeking more documents was frivolous and the order of attorney fees is affirmed.

### E. Tanner's Claim of Judicial Bias Is Unpreserved and Unsupported

Tanner alleges the district court was biased against him as a pro se petitioner and in favor of the State. Specifically, Tanner argues the district court violated the Idaho Code of Judicial Conduct and the Idaho Constitution by "committing misconduct when having clear and convincing facts, evidence and law before him as described in the forgoing issues on appeal" and "adjudicat[ing] this case in favor of the Idaho State Police, dismissing Tanner's efforts to compel the disclosure of unlawfully withheld public records as frivolous." We are not persuaded.

Tanner did not raise his allegations of bias to disqualify the district court in the proceedings below. As such, Tanner is precluded from raising this issue on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (holding that, generally, issues not raised below may not be

20

considered for first time on appeal); *see also Owen v. Smith*, 168 Idaho 633, 647, 485 P.3d 129, 143 (2021) (holding because appellant did not move to disqualify district court judge, appellant was precluded from raising claim of judicial bias on appeal); *Zylstra v. State*, 157 Idaho 457, 468, 337 P.3d 616, 627 (2014) (in absence of motion for disqualification, appellate court will not review allegations of judicial bias on appeal).

Further, beyond his general assertions of prejudice and unhappiness with the district court's rulings, Tanner provides no citations to the record that demonstrate any specific acts of bias or prejudice by the district court. Idaho Appellate Rule 35(a)(6) requires that "the argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Michael v. Zehm*, 74 Idaho 442, 445, 263 P.2d 990, 993 (1953). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed to be waived. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

Moreover, judicial rulings, standing alone, do not constitute a valid basis for a claim of judicial bias or partiality. *Greenfield v. Wurmlinger*, 158 Idaho 591, 605, 349 P.3d 1182, 1196 (2015); *see also Owen*, 168 Idaho at 647, 485 P.3d at 143 (holding claim of judicial bias not supported by any citations to record highlighting acts of prejudice). Accordingly, we decline to review Tanner's claim of judicial bias.

## F.    Attorney Fees and Costs on Appeal

An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. ISP requests attorney fees on appeal. This Court concludes that based on the above reasons, Tanner's appeal was pursued frivolously and grants the State's request for attorney fees.

**IV.**

**CONCLUSION**

For the reasons set forth above, the district court did not err in dismissing Tanner's petition and awarding ISP attorney fees. The judgment dismissing Tanner's petition is affirmed. Attorney fees and costs are awarded to ISP.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.